**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KAREN REEDER,

   Plaintiff-Appellant,

v.

THE WASATCH COUNTY SCHOOL
DISTRICT,

   Defendant-Appellee.

No. 08-4048
(D.C. No. 2:03-CV-00226-DS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

  Plaintiff Karen Reeder appeals from the district court's grant of summary

judgment to defendant Wasatch County School District ("WCSD") on her claim that

WCSD terminated her because of her age, in violation of the Age Discrimination in

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Employment Act (ADEA), 29 U.S.C. §§ 621-634. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

We review the grant of summary judgment de novo, applying the same legal standard as the district court must apply under Fed. R. Civ. P. 56(c). *See Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007). "Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* at 1112-13 (quoting Fed. R. Civ. P. 56(c)).

In reviewing the grant of summary judgment, we view the evidence in the light most favorable to Mrs. Reeder and we give her the benefit of any reasonable inferences to be drawn from the facts. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). We conduct our review, however, "from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to the materials adequately brought to the attention of the district court by the parties." *Id.* at 671. "The district court has discretion to go beyond the referenced portions of these materials, but is not required to do so." *Id.* at 672. Therefore, "where the [nonmovant's] burden to present . . . specific facts by reference to exhibits and the existing record was not adequately met below, we will not reverse a district court for failing to uncover them itself." *Id.*

-2-

On appeal Mrs. Reeder seeks to present new evidence and raise new arguments that were not before the district court. We will not consider evidence presented for the first time on appeal. *See West Coast Life Ins. Co. v. Hoar*, 558 F.3d 1151, 1156-57 (10th Cir. 2009). Likewise, we generally will not consider an argument that was not raised before the district court, and there are no unusual circumstances here that would lead us to vary from our general rule. *See United States v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007). Accordingly, we will consider only those arguments that were also presented to the district court, and we will rely exclusively on the appellate record prepared by the district court in accordance with Tenth Circuit Rule 10.2(C) and filed with this court on January 6, 2009.

## II.

Mrs. Reeder was hired by WCSD as a teacher's aide in November 1993, when she was 46 years old. She worked as a teacher's aide until December 1999, first at Central Elementary and then at Heber Valley Elementary (HVE). In December 1999 Mrs. Reeder was hired as a classroom teacher to finish out the school year for a first-grade teacher who resigned mid-year. Mrs. Reeder continued teaching first grade for the 2000-2001 and 2001-2002 school years. On March 15, 2002, she was given a preliminary notice that her contract would not be renewed for the following school year. She was then 54 years old.

During the two-and-one-half years that she was a classroom teacher, Mrs. Reeder was considered a provisional employee. According to WCSD policies, any full-time employee who has not yet achieved career status is a provisional employee. To achieve

career status (i.e., tenure), an employee must successfully complete three consecutive academic school years with WCSD. If the employee starts after the beginning of an academic school year, she must successfully complete that year and three more full academic years to qualify as a career employee. A provisional employee is hired on an individual, one-year contract and has no expectation of continued employment beyond each contract's one-year term. Further, a provisional employee is considered an at-will employee and can be discharged at the discretion of the Board of Education, although she cannot be discharged during the term of her contract except for cause. If WCSD decides not to renew the contract of a provisional employee, it must give the employee notice at least two months before the end of the contract term that the employee will not be offered a contract for a following term of employment.

Brian Bentley, the principal at HVE, testified that the principal generally makes the initial decision whether a provisional teacher's contract should not be renewed and then makes a recommendation to the superintendent. In Mrs. Reeder's case, he believed that he had recommended to the superintendent, Terry Shoemaker, sometime in early March 2002 that Mrs. Reeder's contract not be renewed. Mr. Bentley testified that under WCSD's policy, Mrs. Reeder had to be notified that her contract would not be renewed by approximately April 1, which was two months before the end of her contract for that school year.

The written preliminary notice that Mrs. Reeder received did not state a reason for nonrenewal. She testified, however, that when Mr. Bentley met with her to give her the

-4-

notice, he said that her contract was not being renewed because of incompetence relating to classroom discipline. WCSD also declined to renew the contracts of three other provisional teachers for the following school year. One of the teachers taught at HVE, but the other two did not. All three were over the age of 40. Although the record showed that Mrs. Reeder was replaced by someone who was younger than her, there was no evidence presented about who replaced the other three provisional teachers.

Mrs. Reeder testified that she began to suspect that age played a part in her nonrenewal when she learned that for the following school year HVE had hired student interns who had almost no teaching experience and that one of them was going to teach first grade. Mrs. Reeder was replaced by an intern named Sarah Jensen, who was younger than her. At the time she was hired, Ms. Jensen did not have a college degree, any teaching experience, or a teaching certificate, though she did have an alternate teaching license that allowed her to be a student intern.

Interns were not new to HVE. As Mr. Shoemaker explained, the internship program was begun in the mid-80's by Brigham Young University and five school districts, including WCSD. The program sought to improve teacher education at BYU and teacher performance in the public schools by putting BYU students in the public schools as either student teachers or interns as part of their teacher training. The student interns were used almost exclusively at elementary schools, which would hire two, or sometimes three, interns each year. As an intern, Ms. Jensen was paid half the salary of a regular teacher but received full benefits.

Mr. Shoemaker testified that WCSD had already made the decision to hire interns for HVE before Mrs. Reeder was given her preliminary notice of renewal on March 15. He said that WCSD would have known in February whether HVE would have sufficient openings for interns the following school year. His recollection was that HVE had several openings. Mr. Bentley testified that he had recommended to Mr. Shoemaker that WCSD not renew Mrs. Reeder's contract before the hiring committee conducted its first round of intern interviews on March 12.

### III.

Mrs. Reeder contended that her replacement by a younger intern was the result of age discrimination, not any poor performance on her part. The ADEA prohibits an employer from "discharg[ing] . . . or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Supreme Court has held that "the ADEA's requirement that an employer took adverse action 'because of' age [means] that age was the 'reason' that the employer decided to act." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009). Thus, an ADEA plaintiff has the burden to "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Id.* at 2351.

This court uses the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804 (1973), in assessing age-discrimination claims on

summary judgment when the plaintiff's case, like Mrs. Reeder's, depends on circumstantial evidence of discrimination. *See, e.g., Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008), *cert. denied.*, 130 S. Ct. 69 (2009).

> Under the *McDonnell Douglas* analysis, a plaintiff bears the initial burden of setting forth a prima facie case of discrimination. After the plaintiff makes a prima facie case, the burden shifts to the employer to give a legitimate, nondiscriminatory reason for its employment decision. If the employer comes forward with a nondiscriminatory reason for its actions, the burden then reverts to the plaintiff to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual–i.e., unworthy of belief.

*Id.* (citations and internal quotation marks omitted). Ordinarily, a showing of pretext will permit the factfinder "to infer the ultimate fact of discrimination from the falsity of the employer's explanation." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007) (internal quotation marks omitted).

The district court concluded that Mrs. Reeder set forth a prima facie case, and WCSD does not challenge that conclusion on appeal. The court further concluded that WCSD articulated a legitimate reason for Mrs. Reeder's nonrenewal, namely performance problems with classroom discipline. To survive summary judgment, Mrs. Reeder had to establish that the evidence demonstrated a genuine issue of material fact as to whether WCSD's reason for not renewing her contract was pretextual.

Mrs. Reeder pointed to a variety of circumstances that she contended established that WCSD's articulated reason for terminating her was unworthy of belief. Most importantly, she contended that the real reason WCSD did not renew her contract was

because it wanted to save money. She argued variously that there was "an institutional, systemic and intentional system to rid the District of teachers who were due to become tenured and because of their age would not be as profitable to the District over the teaching career of the teacher," R. Vol. 1, Doc. 86 at 15; that "[t]he decision to terminate only provisional teachers more than forty years old was motivated not only by the District's desire to save money on teachers['] salaries in the next school year, but also its desire to eliminate any obligation for retirement pay and associated benefits in the future," *id.* at 24-25; that "the District's professed reason for terminating Mrs. Reeder for poor classroom management is simply a pretext for firing her, in order to eliminate the District's obligation for future retirement pay and benefits", *id.* at 27; and that "[t]he cost of Mrs. Reeder's salary, her future salary and benefits was the real reason for her termination," *id.* at 27 n.14.

Evidence of pretext, however, does not always suffice to preclude summary judgment. We have held that if a plaintiff concedes that the real–even though concealed–reason that an employer acted is one that is not prohibited under the relevant civil-rights law, then the plaintiff cannot survive summary judgment. *See Marx v. Schnuck Mkts., Inc.*, 76 F.3d 324, 328 (10th Cir. 1996); *Randle v. City of Aurora*, 69 F.3d 441, 451 n.14 (10th Cir. 1995). As we explained in *Randle*, "the plaintiff's concession of a lawful motive would take the issue of motive from the jury and preclude inference of a discriminatory motive that the jury could otherwise draw from the fact of pretext." 69 F.3d at 451 n.14.

The desire to save money is not a motive prohibited by the ADEA. Accordingly, absent a link between WCSD's alleged desire to save money and her age, Mrs. Reeder's concession of this hidden reason is fatal to her case. The evidence presented to the district court did not establish such a link.

Mr. Shoemaker testified that the BYU interns were paid half the salary of a regular teacher, so presumably WCSD would save salary money if it replaced a teacher with an intern. But nothing in the evidence suggested that this savings would differ in any respect depending on the age of either the intern or the teacher being replaced. Any salary savings, therefore, would be age neutral.

Mrs. Reeder also contended that WCSD terminated her (and the other provisional teachers) to avoid having to pay her retirement and unspecified related benefits. Although terminating an employee to interfere with pension rights may be a violation of ERISA, it is not, without more, a violation of the ADEA. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 612-13 (1993). When, for instance, an employee's right to vest in retirement benefits is based on years of service, an employer's termination of an employee to prevent vesting is not age discrimination even if an older employee is more likely than a younger employee to have the necessary years of service. *See id.* at 611-12. "Because age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily 'age based.'" *Id.* at 611.

The record does not contain any evidence from which one could infer a link between Mrs. Reeder's age and her eligibility for retirement benefits or the cost of those benefits. In fact, the record contains no evidence about Mrs. Reeder's eligibility for retirement benefits or WCSD's obligation to pay them. There was no evidence in district court about when (or if) Mrs. Reeder would be eligible for benefits; what factors would affect her eligibility for, or the amount of, benefits; or when WCSD would have to pay benefits and in what amount. The evidence did not permit any comparison between Mrs. Reeder's benefits and those of a younger teacher. And to the extent that Mrs. Reeder intended to argue that by replacing a teacher with an intern, WCSD could avoid paying retirement benefits altogether, the record does not contain any evidence suggesting that this purported savings would be affected by the age of either the intern or the teacher. In sum, even if Mrs. Reeder were correct that WCSD terminated her to avoid paying her retirement and related benefits, there is nothing in the record from which a factfinder could infer a correlation between this motive and Mrs. Reeder's age.

IV.

Because Mrs. Reeder attributed to WCSD a motive for her termination that is not prohibited by the ADEA, the district court properly granted summary judgment to WCSD, regardless of whether WCSD ever acknowledged that it was actually motivated by the desire to save money. Mrs. Reeder's concession of a motive not related to her age

negated any inference of age discrimination that a jury might otherwise draw from her evidence of pretext. *See Randle*, 69 F.3d at 451 n.14.

The district court's judgment is AFFIRMED. We GRANT appellee's motion to strike those portions of appellant's appendix that contain evidence that was not submitted to the district court.

Entered for the Court

Harris L Hartz
Circuit Judge